SOLOMON L. WILDES *versus* The President, &c. of the NAHANT BANK, Principals, and the President, &c. of the SUFFOLK BANK, Trustees.

Where in a process of foreign attachment against a bank, it appeared by the answers of the party summoned as trustee, that the respondent was accustomed to take up the bank bills issued by the bank, and charge the amount to the bank, and to credit the bank with funds furnished by it for the purpose of taking up the bills, and to return the bills to the bank, it was *held,* that the respondent was not chargeable as trustee for bills thus taken up and remaining in his hands at the time of the service of the process.

BY the answers of the Suffolk Bank it appeared that, pursuant to an agreement, the respondents were accustomed to receive the bills of the Nahant Bank, at their par value, from persons other than that bank, and to charge to that bank the sums paid by the respondents for the bills ; and were accustomed to collect notes and drafts for that bank and credit that bank with the proceeds ; that the bills thus received were from time to time returned to the Nahant Bank ; that at the time of the service of the writ, the balance due to the respondents was about $3660 ; that at that time they had in their possession bills of the Nahant Bank to the amount of $58,615, which they held only as vouchers for the charges made against that bank.

*June 26th.*      *Willard,* for the plaintiff, cited Revised Stat. *c.* 97, § 21 ; *c.* 109, § 4.

S. *Hubbard* and *Atwood,* for the trustees.

*June 29th.*      SHAW C. J. delivered the opinion of the Court. The only question submitted to the Court is, whether the bills of the Nahant bank, that is, bank notes which had been issued by that bank, and which had been taken up by the Suffolk Bank, and were held by the latter at the time of the service of the trustee writ, were liable to the attachment. It appears by the answers, that by mutual agreement, the course of dealing between the two banks was this ; the Suffolk Bank were accustomed to take up the Nahant bills in the common course of business, to charge the amount to them in account as money paid, and from time to time to return the bills thus charged, to

the Nahant Bank. To meet these payments, the Nahant Bank were accustomed to place funds with the Suffolk Bank, consisting, amongst others, of notes and drafts for collection, the proceeds of which, when collected, were credited in the account with the Nahant Bank, and went to balance the charges for Nahant bills taken up and returned to the Nahant Bank. No question is now made as to the balance of this account, and it is not contended by the plaintiffs, that there was any debt due from the trustee to the principal, liable to the attachment. But the claim is, that as bank notes, in the nature of chattels, are liable to specific attachment, the bank notes so taken up by the Suffolk Bank, for the Nahant Bank, were liable to such attachment. This claim is founded on the Revised Statutes, making bank notes attachable property. Rev. Stat. c. 97, § 21. It provides that bank notes and all other bills or evidences of debt, issued by any moneyed corporation, and circulated as money, may be taken, &c.

It appears by the answers of the trustees, that the bills of the Nahant Bank, when taken up and charged in account, were held merely as vouchers for such charges, to be given up upon the allowance of the charges, and settlement of the account.

Upon this view of the facts, the Court are of opinion, that these bills were not liable to be attached for a debt of the Nahant Bank. The Suffolk Bank must be considered as standing in one of two relations, either as agents for the Nahant Bank, taking up their own bills for their own account, out of funds provided by them, or advanced by the Suffolk Bank for that purpose ; or, as holders of the bills on their own account, for value.

If the Suffolk Bank stood in the capacity of agents, then the bills, when paid and taken up and charged, were in the same situation as if taken up and paid by themselves, and then being in the custody of the bank that had once issued them, they ceased to be bills issued and circulated as money, and could only become so by being re-issued. The Suffolk Bank had no other interest in them, than as vouchers to support the charges in their account, and thus cancel and discharge the credits given by them for moneys collected ; to this extent they have an interest in retaining the bills to be surrendered on set-

Wildes
v.
Nahant
Bank and
Trs.

tlement, because without them the Suffolk Bank must pay the sums collected on account of the Nahant Bank, in cash. When a bank has taken up and paid its bills, they cease to be available, the bank owes nobody for them, until they are re-issued.

But it is said, that although in fact the practice was for the Suffolk Bank to charge and return their bills to the Nahant Bank, yet that they were not bound so to do, but had it in their power to issue and pass them to other persons, as money, so that these bills, in their hands, were bills issued by a bank and circulated as money, and liable to be attached, by the provisions of the statute. Suppose they had such power, then the rights and duties resulting from that relation must be traced to all its legitimate consequences.

If the Suffolk Bank should issue these bills anew to third persons, it would be for value ; they would receive the equivalent from such third persons, the Nahant Bank would be liable to the new holder on such bills, and of course would not be liable to the Suffolk Bank, and the latter would have no right to charge them to the former, or in any way claim pay for them out of their funds. In this last view, the Suffolk Bank are regarded as standing in the second relation above stated ; they are not the agents of the Nahant Bank, but the holders of their bills for value. If this was the relation in which they stood, then the Suffolk Bank were owners of these bank notes, just as every holder of a bank note, for which he has given value, in the ordinary course of business, is the owner, the Nahant Bank had no property in them, and to give effect to this attachment, would be to hold the property of the Suffolk Bank liable to be attached to satisfy the debts of the Nahant Bank.

On a trustee attachment, intended to reach goods, chattels or other attachable property, the law presupposes that the attachment may be made in that form, because they could not be come at to be attached ; but if the officer could have peaceable and lawful access to the property, it might be taken by him into custody, and held as in the ordinary mode of attachment, and the trustee, if he chooses, may exonerate himself, by surrendering the property to the custody of the at

taching officer.   One mode therefore of testing the validity and regularity of such an attachment, is to inquire whether if these notes had been taken from the bank by the officer, the attaching creditor, upon any proper process to try the title, would hold them.   The case supposes, that the officers of the bank exhibited the bills to the sheriff, stating all the circum stances, as they are stated in the answer, and made no resistance to his taking them.

The plaintiff would then go on the assumption, that these were bills issued by the Nahant Bank and circulated as money, of course that the bank was bound to pay them to the officer or to his vendee as money.   If the bank were liable to pay the officer, or his vendee, who in the case supposed would have become the lawful holders, they cannot at the same time be liable to the Suffolk Bank, for they cannot be liable twice on the same contracts.   They of course have a claim against the Suffolk Bank of an equal amount, as for money had and received to their use, by collections on their account, and against which the Suffolk Bank have no longer the Nahant bills to set off.   The consequence would be, that the bills would be taken out of the hands of the Suffolk Bank by the attachment, and the money originally intended to meet them, by the Nahant Bank, and the Suffolk Bank would be losers, by the amount of bills thus taken by the attachment.

If the Suffolk Bank were not to be considered agents of the Nahant Bank to pay and take up their bills, so that they would be *functi officio* until re-issued, then the property of the Suffolk Bank, in these bills, remained entire and complete, until the actual surrender of them on settlement, to the Nahant Bank, and therefore up to that moment they would not be liable to be attached as the property of the Nahant Bank.   By the very act, by which the property of the Suffolk Bank, in these notes, would cease, they would also cease to have the custody and possession of them, so that in no event could they be chargeable, by a trustee attachment, as the trustees of the Nahant Bank, in consequence of holding these bills.

*Trustees discharged.*